**SIN DENG LIU, Petitioner,**

**v.**

Eric H. HOLDER, Jr.,* United States Attorney General, United States Department of Justice, Respondents.

No. 07–4393–ag.

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

Yee Ling Poon, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Richard M. Evans, Assistant Director; Rebecca A. Niburg, Trial Attorney, Office of Immigration Appeals, Department of Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Sin Deng Liu, a native and citizen of the People's Republic of China, seeks review of a September 27, 2007 order of the BIA denying his motion to reopen. *In re Sin Deng Liu,* No. A072 460 320 (B.I.A. Sept. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Liu's motion to reopen.

Liu argues that the BIA erred in finding that the evidence he submitted failed to demonstrate his *prima facie* eligibility for asylum based on the birth of his U.S. citizen children. However, we have previously reviewed the BIA's consideration of evidence similar to that which Liu submitted and have found no error in its conclu-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Peter D. Keisler as respondent in this case.

sion that such evidence is insufficient to establish a reasonable possibility of persecution. *See id.* at 169–73 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).